**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ENERCO GROUP, INC.,** | ) | **CASE NO. 1:16CV213** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **LUTHER DEUTSCH, d/b/a** | ) | |
| **LD's HOTRACK, LLC** | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Motion (ECF DKT #5) of Plaintiff,

Enerco Group, Inc. ("Enerco" or "Plaintiff"), for Temporary Restraining Order and

Preliminary Injunctive Relief.  For the following reasons, the Motion is denied.

## <u>I. BACKGROUND</u>

On January 28, 2016, Plaintiff filed its Verified Complaint against Defendant, Luther

Deutsch, d/b/a LD's Hotrack, LLC, alleging False Advertising, Trademark Infringement,

Unfair Competition, Violation of the Lanham Act and Violation of the Ohio Deceptive Trade

Practices Act.

Enerco developed and received a patent on a line of portable propane heaters called

"Buddy Heaters," used by outdoorsmen and fishermen in enclosures like tents, cabins and ice

huts.  The heaters are promoted, marketed and sold under registered trademarks, including

Portable Buddy®, Hunting Buddy® and Big Buddy®.  The Buddy Heaters contain a safety

feature, called an oxygen depletion sensor ("ODS"), which detects oxygen levels and shuts

down the heater before dangerous levels of carbon monoxide can build up within an enclosed

space.  The Buddy Heaters are certified by the Canadian Standards Association ("CSA") for gas-fired portable heaters (not for use as cookers) and this certification is included on all of Plaintiff's packaging and manuals.

In 2011, Enerco also developed a warming tray for its heaters; but ultimately abandoned the idea because it was foreseeable that consumers would use the tray to cook food.  Enerco had concerns that the cooking tray would interfere with the heating element and the functionality of the ODS.  Another potential hazard was that the heater could tip over and harm the consumer or cause a grease fire.

Defendant Luther Deutsch has applied for a patent for a "Grill Attachment for Portable Heaters."  Plaintiff alleges that the manner in which Defendant displays Enerco's product in the patent application infringes on Plaintiff's copyrighted material.  Plaintiff also alleges that Enerco's abandoned application for the warming tray attachment is relevant prior art which must be submitted by Defendant to the U.S. Patent and Trademark Office.

Plaintiff has manufactured, advertised, distributed and sold its portable heaters in the United States under registered trademarks and trade dress for a substantial amount of time and has generated considerable good will.  Consequently, Defendant's use of the image of Enerco's heater in his patent application and in his advertising wrongfully conveys endorsement, sponsorship and affiliation with Enerco and is likely to cause customer confusion.

Plaintiff also claims that product liability concerns are created by the use of the grill attachment with Enerco's heaters  – fire, tipping, interference with the ODS sensor, etc.  Non-approved attachments will void the warranty which accompanies the Buddy Heaters.

In its January 28, 2016 Motion, Enerco seeks an order enjoining Deutsch from advertising, marketing, selling or offering for sale his Hotrack products.  Also, because of the risk to consumer safety, Enerco asks the Court to order Deutsch to send written notice of the safety hazards to any purchasers of Hotracks, to recall all Hotracks and to refund purchasers the full amount paid for the Hotracks.

On February 25, 2016, Defendant filed his Brief in Opposition (ECF DKT #12), and the Court conducted a Hearing on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctive Relief that same day.

## II. LAW AND ANALYSIS

### Standard of Review

Injunctive relief is an extraordinary remedy and is issued cautiously and sparingly. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-313 (1982).

Four factors must be considered when deciding whether to grant an injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether there is a threat of irreparable harm to the movant; (3) whether others will suffer substantial harm as a result of the injunction, should it issue; and (4) whether the public interest will be served by the injunction.  *See Rock & Roll Hall of Fame and Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998); *Vittitow v. Upper Arlington*, 43 F.3d 1100, 1109 (6th Cir. 1995) (the four factors are "not prerequisites to be met, but factors to be balanced."); *D.B. v. Lafon*, 2007 U.S. App. LEXIS 3886 (6th Cir. 2007).  While no single factor will be determinative as to the appropriateness of the equitable relief sought, (*In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)), "a finding that there is simply no likelihood of success on the merits is

usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

The moving party must establish its case by clear and convincing evidence. *See Deck v. City of Toledo*, 29 F.Supp.2d 431, 433 (N.D. Ohio 1998), *citing Garlock, Inc., v. United Seal, Inc*., 404 F.2d 256, 257 (6th Cir. 1968).

The Sixth Circuit has held that the standard for obtaining a temporary restraining order and the standard for obtaining a preliminary injunction are the same. *Workman v. Bredesen*, 486 F.3d 896 (6th Cir. 2007); *Gentile Prods., supra.*

**False Advertising**

Pursuant to 15 U.S.C. § 1125(a), any person who, in connection with goods or services, uses in commercial advertising or promotion any false or misleading description or representation of fact which misrepresents the nature, characteristics, or qualities of his or another's goods, services or commercial activities, shall be liable in a civil action to any person likely to be damaged by such act.  To establish a claim for false advertising, a plaintiff must show that the defendant's statement or representation is false or misleading, that the statement or representation was introduced into interstate commerce, and that the statement or representation is material, in that it will likely influence a deceived consumer's purchasing decisions. *American Council of Certified Podiatric Physicians and Surgeons v. American Bd. of Podiatric Surgery, Inc.*, 185 F.3d 606, 613 (6th Cir. 1999).

In the Verified Complaint, Plaintiff directs the Court's attention to a number of statements on Deutsch's website, saying that Hotracks "are available in 3 different sizes to fit popular models of portable propane heaters;" "create a stable heating surface;" "can hold up to five pounds of weight when attached to a portable heater;" can be used to "[c]ook hot dogs,

brats, frozen pizza, grilled sandwiches, and much more on Hotrack's food safe surface;" and can be "the perfect ice fishing companion.  Pour heated water down the hole to keep it free of ice."

Plaintiff contends that these representations are false or misleading because they imply that the Hotrack grill attachment is safe for cooking various foods and for consumer use in conjunction with the Buddy Heaters.  Defendant's representations do not account for the safety concerns involved with cooking greasy foods near an exposed propane flame, nor for the tipping hazard likely because the rack is not level or when the weight on it exceeds 5 ½ pounds, nor for the possibility of burns and for melting the heater's handle.  Critically, Defendant does not disclose the potential danger of interfering with the functioning of the ODS.  According to the Declaration of the ODS manufacturer's representative:  "It is paramount that the ODS remains free from grease and debris in order for it to function properly.  Even the smallest amount of grease or debris could damage the functionality of the ODS."  (ECF DKT #7-1).

Defendant's product is relatively inexpensive, so the degree of customer care in deciding to make a purchase is low.  Thus, the advertised representations tend to be more material to consumer decision-making.

Since Defendant's nomenclature, "Big Hotrack" and "Hunting Hotrack," associates Defendant's products with Plaintiff's, and because of the potential risks to the health and safety of the consuming public, Plaintiff contends it will suffer damage to its sales, business reputation and goodwill as the proximate result of Defendant's false advertising.

Defendant counters Plaintiff's contentions and urges the Court to deny Plaintiff's

request for injunctive relief.  In his Affidavit (ECF DKT #12-1), Defendant admits that he designed and developed cooking/warming racks that hook onto Enerco's portable heaters, so that ice fishermen could heat food and water without having to carry a camping stove along with their other gear.  *Id*. at ¶¶ 2,4.  His three models  –  sized regular, big and hunting  – describe "the size of portable heater that correlates with each heating rack."  *Id*. at ¶ 8. However, Defendant includes a disclaimer on the Hotracks website stating that "Hotracks has no affiliation with Enerco and its affiliates and that Enerco will not be liable for any issues with Hotracks."  *Id*. at ¶ 9.

According to Defendant's sworn Affidavit, it is not false or misleading that Hotracks are available in sizes to fit the most popular models of portable propane heaters.  They do.  *Id*. at ¶ 10.  Hotracks do create a stable heating surface.  *Id*.  Hotracks can hold more than five pounds of weight when attached to the heater.  *Id*.  In fact, Defendant conducted tests on all three Hotrack models with a seventeen-pound weight and none tipped over.  *Id*. at ¶ 16.  The website contains the truthful statement that the Hotracks are "made of food safe (304 stainless steel)."  *Id*. at ¶ 10.  Each Hotrack model is accompanied with instructions and warnings.  *Id*. at ¶ 11.  As set forth in ¶ 12, Defendant directs users:

- to rotate the rack downward to rest on the heater in a level position

- not to use Hotracks indoors

- to turn off the heater and allow it to cool before removing the Hotrack

- not to allow grease spatter to come in contact with the heating element

- to place no more than 5 lbs. on top of Hotrack

- to center pots and pans over the grease shield

- not to use Hotrack near fabrics or flammable materials/objects

No customers have complained to Defendant about their Hotracks and their favorable internet postings encourage others to Google "HotRack LLC," and not "Enerco" or "Buddy Heater." *Id*. at ¶¶ 14, 15.  Importantly, "[a]ll Hotracks have a grease shield (referred to on the specifications as a 'deflector plate') that covers the area directly above the heating element and oxygen depletion sensor (ODS) for the heaters they latch on to," which should protect the functionality of that safety feature.  See *id*. at ¶ 7.

The Court finds that Plaintiff has failed to satisfy its burden of establishing a strong likelihood of success on the merits of its False Advertising claim.  Defendant's sworn testimony and evidence create genuine issues of fact which defeat Plaintiff's mandated clear and convincing evidentiary burden.

**Trademark Infringement/Unfair Competition**

Plaintiff insists that its request for injunctive relief regarding Trademark Infringement has a strong likelihood of success on the merits.  In order to sustain a claim for a Lanham Act violation, Enerco must prove ownership of a valid mark and prove that Defendant's use of the mark is likely to cause consumer confusion.  The main focus of liability for trademark infringement is whether the defendant's use of the infringing mark is likely to cause confusion among customers as to the origin of goods.  *Leelanau Wine Cellars v. Black & Red*, 502 F.3d 504, 515 (6th Cir. 2007) (citing *Daddy's Junky Music Stores v. Big Daddy's Family Music Center*, 109 F.3d 275, 280 (6th Cir. 1997)).

Enerco's trademarks, Hunting Buddy® and Big Buddy®,are registered on the Principal Register of the U.S. Patent and Trademark Office; and there is no dispute that

Plaintiff is the owner of protectable marks.

Plaintiff asserts that Defendant's use of "Hunting" and "Big" to describe the size of his Hotracks is confusingly similar to Enerco's registered marks.  Defendant admits that the terms are used to signify the portable heaters upon which to attach the cooking/warming racks.       Plaintiff argues that Defendant's purpose is to exploit and trade on Plaintiff's good will and reputation.  The use of a substantially similar mark in connection with such related goods, Plaintiff's argument continues, has caused and will cause confusion, mistake and deception for the consuming public.  Consumers will mistakenly believe that Defendant's goods originate from, are sponsored by, or are associated with Enerco.  Purchasers will also erroneously attribute the heaters' CSA certification to Defendant's cooking racks.

Since the parties offer related goods to the same class of customers (outdoorsmen, hunters, fishermen) through much of the same marketing channels, the potential for purchaser misunderstanding is great.  However, Plaintiff is unable to offer any evidence of actual confusion.  Significantly, as to this element, both parties point to the same posting made to an online ice fishing forum:

> I made only 1 purchase this year.  I bought the hot rack that is custom made for
> buddy heaters. Nice and sturdy, nice welds, food grade metal. $25 for clean
> safe food.  Google hot rack llc if interested.  (ECF DKT #5-3 &  #12-1).

The posting demonstrates that customers believe Defendant's racks are meant for use with Enerco's heaters; and Defendant admits that that is his company's intention.  Importantly, though, this particular customer, identified both by Plaintiff and Defendant, does not display confusion, rather, he directs other interested parties to Hotrack LLC and not to Enerco.

As for the nomenclature used by both Plaintiff and Defendant, the Court notes that

Plaintiff's trademark registration for "HUNTING BUDDY" contains this disavowal:  "NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "HUNTING" APART FROM THE MARK AS SHOWN."  (ECF DKT #12-3).  In light of this clear disclaimer, Plaintiff's contention that the term in Defendant's advertising, "Hunting Hotrack," is infringing, appears quite weak.  The word "Big" is a generic adjective and a descriptive term which is unlikely, standing alone, to support a Lanham Act violation.  Moreover, Defendant never uses the term "Buddy" in the advertising materials for his "Regular," "Big" or "Hunting"  Hotrack products.

On Defendant's website, there is a written disclaimer: "Mr. Heater and Enerco are in no way affiliated or liable for any issues due to LD's Hotrack."  (ECF DKT #12-1).  Further, in response to an internet inquiry, Deutsch posted:  " I am not affiliated with Mr. Heater/Enerco nor are they liable for my product."  (ECF DKT #5-3).  Plaintiff argues that, under Sixth Circuit case law, the inclusion of a disclaimer on a website does not reduce confusion nor absolve the infringer of liability.  *See Audi AG v. D'Amato*, 469 F.3d 534 (6th Cir. 2006).  Upon review of that decision, the Court finds it distinguishable in large part because the trademark infringement analysis was made at the summary judgment stage of the litigation.  Here, at the temporary restraining order juncture, Plaintiff has not provided the Court with clear and convincing evidence that Deutsch's disclaimer is ineffective to prevent customer confusion.

The Court recognizes that loss of good will, future sales, market share, business reputation and customer relationships are intangibles which do not easily lend themselves to mathematical calculation.  In addition, public policy does favor the protection of intellectual

property interests, as well as public safety, and the prevention of consumer confusion and deception.  Nevertheless, balancing all the factors required for the issuance of extraordinary relief, the Court finds that Plaintiff has not demonstrated a strong likelihood of success on the merits by clear and convincing evidence.

Therefore, even upon fair consideration of Plaintiff's evidence and the authority Plaintiff cites (i.e., *Lucky's Detroit, LLC v. Double L, Inc*., 533 F.App'x 553 (6th Cir. 2013) and *Playskool, Inc. v. Product Development Group, Inc*., 699 F.Supp. 1056 (E.D.N.Y. 1998)), the Court holds that Plaintiff has not shown entitlement to injunctive relief on its False Advertising and Trademark Infringement claims.

### III. CONCLUSION

For the foregoing reasons, the Motion (ECF DKT #5) of Plaintiff, Enerco Group, Inc., for Temporary Restraining Order and Preliminary Injunctive Relief is denied.


**IT IS SO ORDERED.**

**DATE: March 3, 2016**


**/s Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**